IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER REVOKING DEFENDANT'S** |
| | ) | **PRE-SENTENCE RELEASE** |
| vs. | ) | |
| | ) | |
| Louis Lizor, | ) | Case No.: 1:05-cr-079 |
| | ) | |
| Defendant. | ) | |
| | ) | |

On March 6, 2006, the court conducted a hearing on the Petition for Revocation of Pre-Sentence Release. AUSA Scott Schneider appeared on the government's behalf. Attorney Kent Morrow appeared on the defendant's behalf.

The defendant was released subject to several conditions pending sentencing. One such condition was that he not commit any additional crimes while on release. Another was that defendant refrain from the use of alcohol. The Petition alleges that defendant violated these conditions in that (1) he was arrested on February 28, 2006, by the Mercer County Sheriff's Office and charged with driving under suspension and driving under the influence, (2) he later tested positive for the use of alcohol (.08) when tested by the pretrial services officer, and (3) he admitted to using alcohol for a period of several weeks.

At the outset of the hearing, the defendant admitted to violating the terms and conditions of his release as alleged in the Petition. The court finds that the defendant's admissions were made knowingly, intelligently, and upon advice of counsel. Also, the court concludes there is probable cause to believe that the defendant committed crimes while on pre-sentence release, *i.e.*, driving while intoxicated and driving while under suspension. Based on the defendant's admissions and the

1

court's findings, the court must then consider the factors set forth in 18 U.S.C. § 3148(b)(2)(B). And, when considering the evidence presented at the hearing and the contents of the earlier pretrial services report, the court concludes (1) there is no combination of conditions that will assure the safety of the community and (2) that it is unlikely that the defendant will abide by any condition or combination of conditions of release that would be required to now release the defendant given his current violations, his past criminal record, and the other reasons articulated on the record. Consequently, the court **ORDERS** that the defendant's pre-sentence release be revoked and that he be detained pending sentencing. The court **FURTHER ORDERS** that, pending sentencing, the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

     Dated this 8th day of March, 2006.

                                                /s/ Charles S. Miller, Jr.
                                                Charles S. Miller, Jr.
                                                United States Magistrate Judge